I5odozoc

```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    UNITED STATES OF AMERICA,              New York, N.Y.

 4              v.                           S11 16 Cr. 0692-7(JMF)

 5    IVARS OZOLS,

 6                   Defendant.

 7    ------------------------------x

 8
                                            May 24, 2018
 9                                          2:59 p.m.

10
      Before:
11
                          HON. JESSE M. FURMAN,
12
                                            District Judge
13

14                            APPEARANCES

15    GEOFFREY S. BERMAN
           United States Attorney for the
16         Southern District of New York
      BY:  JEFFREY COFFMAN
17         NATHAN MARTIN REHN
              Assistant United States Attorneys
18
      MARLON GEOFFREY KIRTON
19         Attorney for Defendant

20            - also present -

21    SA Christina Fox, FBI

22    Isabelle Avrutin,
           Russian Language Interpreter
23

24

25
```

I5odozoc

| | |
|---|---|
| 1 | THE CLERK:  Matter of the United States v. Ozols, 16 |
| 2 | Cr. 692. |
| 3 | Counsel, please state your name for the record. |
| 4 | MR. COFFMAN:  Jeffrey Coffman for the government.  I'm |
| 5 | here with Special Agent Christina Fox of the FBI and Assistant |
| 6 | U.S. Attorney Thane Rehn. |
| 7 | Good afternoon, your Honor. |
| 8 | THE COURT:  Good afternoon to the three of you. |
| 9 | MR. COFFMAN:  If I could apologize?  I was the only |
| 10 | one of the three of us who was late getting here today. |
| 11 | THE COURT:  So I was told and I appreciate your |
| 12 | apology.  I know you were stuck in another proceeding.  So, no |
| 13 | problem. |
| 14 | MR. KIRTON:  Good afternoon, your Honor.  Marlon |
| 15 | Kirton for Mr. Ozols. |
| 16 | THE COURT:  Good afternoon to both of you as well. |
| 17 | You may be seated. |
| 18 | It is pronounced Ozols, is that correct? |
| 19 | THE DEFENDANT:  Ozols. |
| 20 | THE COURT:  All right.  Mr. Ozols, my name is Jesse |
| 21 | Furman.  I'm a United States District Judge here in the |
| 22 | Southern District of New York and have been assigned to your |
| 23 | case, which means that I would be the judge who would preside |
| 24 | over any trial in the event that you were to go to trial and |
| 25 | would also be the judge if you were convicted of any offense |

I5odozoc

1    who would ultimately sentence you.

2              The purpose of today's proceeding is to arraign you on

3    the Indictment, S11 16 Crim. 692, charging you with one count

4    of conspiracy to commit wire fraud and bank fraud, one count of

5    conspiracy to commit money laundering as well.

6              Now, before I proceed to that arraignment and also to

7    set a schedule, let me just confirm, we're joined here by a

8    Russian language interpreter, Ms. Avrutin.  Let me confirm that

9    you are able to understand her?

10             THE DEFENDANT:  Yes.

11             THE COURT:  All right.  If at any point during today's

12   proceeding you have any trouble understanding her or if there

13   is a problem with the headphones, I want you to let me know

14   right away so that we can take care of that problem.  OK?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Very good.

17             Counsel, anything to discuss before I proceed to the

18   arraignment?

19             MR. COFFMAN:  Not from the government's perspective,

20   your Honor.

21             MR. KIRTON:  No, your Honor.

22             THE COURT:  All right.  In that case, Mr. Ozols, if

23   you would please rise.

24             Have you seen a copy of the Indictment, S11 16 Crim.

25   692, charging you with the two counts that I mentioned a moment

I5odozoc

1    ago?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Have you discussed it with your lawyer?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Has it been translated for you into either

6    your native language or a language that you are able to

7    understand?

8              THE DEFENDANT:  No.

9              THE COURT:  It was not translated for you?

10             THE DEFENDANT:  No.  It was translated to me verbally.

11             THE COURT:  All right.  But was it translated from

12   English into whatever language you speak?  Did someone read it

13   to you?

14             THE DEFENDANT:  Yes.

15             THE COURT:  OK.  Very good.

16        And would you like me to read the charges out loud, or

17   do you waive their public reading?

18             THE DEFENDANT:  I understand what is going on.

19             THE COURT:  Now, would you like me to read the charges

20   out loud or that's not necessary?

21             THE DEFENDANT:  No, I understand what it is all about.

22             THE COURT:  All right.  I'll treat that as a waiver.

23        And how do you plead at this time, guilty or not

24   guilty?

25             THE DEFENDANT:  Not guilty.

I5odozoc

|    |    |
|----|----|
| 1  | THE COURT:  All right.  Thank you.  You may be seated. |
| 2  | Mr. Coffman, could you please tell me, and perhaps |
| 3  | more for the benefit of defense counsel and the defendant, a |
| 4  | little bit about the charges in this case and, for my purposes, |
| 5  | what role Mr. Ozols allegedly played since I do have some |
| 6  | familiarity with the overall alleged scheme. |
| 7  | MR. COFFMAN:  Certainly, your Honor. |
| 8  | As alleged in the Indictment, this defendant and his |
| 9  | codefendant Madars Jankevics were part of a larger conspiracy |
| 10 | of primarily Latvian and Lithuanian individuals who came to the |
| 11 | United States, opened companies in New York State initially and |
| 12 | bank accounts in New York State and specifically in the |
| 13 | Southern District of New York, into which money was paid by |
| 14 | victims of a scheme who were led to believe that they were |
| 15 | purchasing boats and cars and machinery when in fact the |
| 16 | members of the conspiracy -- I'm sorry, I should slow down -- |
| 17 | did not intend to and did not actually produce those items to |
| 18 | the victims. |
| 19 | This defendant, Mr. Ozols, came to Manhattan, opened |
| 20 | bank accounts, withdrew funds from those accounts typically in |
| 21 | amounts under $10,000, paid money to other members of the |
| 22 | conspiracy, including by sending money back to Latvia.  He |
| 23 | then, in around March of 2017, went to Florida, where he opened |
| 24 | additional bank accounts and received additional victims' money |
| 25 | and did the same thing -- withdrew it, gave it to other members |

I5odozoc

1    of the conspiracy.

2          Your Honor, the government's investigation is ongoing,

3    and that is to say there is additional conduct that's beyond

4    the timeframe alleged in the Indictment that the government

5    continues to investigate but it is the same sort of conduct.

6    But to answer your Honor's question about the defendant's

7    particular role, he was, as far as we could tell at this

8    moment, someone who opened up accounts, withdrew money, and

9    gave that money to other members of the conspiracy.

10         THE COURT:  All right.  To the extent that you refer

11   to an ongoing investigation into conduct beyond the scope of

12   what is charged, would you anticipate superseding?

13         MR. COFFMAN:  So, your Honor, it is possible that we

14   will supersede because there are additional bank accounts, that

15   we were not aware of at the time of the Indictment, and so

16   additional funds.

17         I also need to correct something that I told your

18   Honor.  This defendant did not open his own accounts in

19   Manhattan.  His accounts were all opened in Florida.

20         THE COURT:  All right.  Thank you.

21         I would think -- I mean, obviously it is up to you

22   whether you seek to supersede, but since the two charges are

23   conspiracies, presumably if it is within the scope of the same

24   alleged conspiracy, I wouldn't necessarily think learning about

25   additional accounts or additional discrete conduct would

I5odozoc

1    necessarily require it but, again, that's up to you.

2              MR. COFFMAN:  Right.  Your Honor's point is well

3    taken.  Some members of the conspiracy, and I don't yet know

4    whether this defendant is one of them, actually used the

5    identification of other people, which might require an

6    additional charge of aggravated identity theft.

7              THE COURT:  Understood.

8              All right.  Can you tell me what the status and nature

9    of discovery is?  And I would note, obviously, the other

10   defendant, Mr. Jankevics, was arraigned on May 11th, and at

11   that time I set tomorrow as the deadline for the production of

12   discovery to him.  My hope, as we'll discuss shortly, is to put

13   this case on the same schedule.  But tell me about discovery

14   with respect to Mr. Ozols.

15             MR. COFFMAN:  So, we have already gotten discovery out

16   to Mr. Jankevics, and as this defendant's discovery is not

17   entirely but mostly the same, I believe we can get almost all

18   of it to his counsel, Mr. Ozols' counsel, tomorrow.  Like

19   Mr. Jankevics, there are several electronic devices,

20   approximately four, belonging to Mr. Ozols.  It will take a

21   little bit longer --

22             THE COURT:  Slow down a little.

23             MR. COFFMAN:  It will take a bit longer to get those

24   copied and produced to Mr. Ozols.  But the government, if it is

25   permissible with the Court, will get the existing bank records

I5odozoc

| | |
|---|---|
| 1 | and surveillance produced tomorrow and will produce the |
| 2 | electronic discovery on a rolling basis as soon as possible. |
| 3 | THE COURT:  And the electronic discovery, you said |
| 4 | there are four phones, is that right? |
| 5 | MR. COFFMAN:  Approximately four phones, your Honor. |
| 6 | THE COURT:  And are those phones belonging to Mr. |
| 7 | Jankevics or Mr. Ozols or both? |
| 8 | MR. COFFMAN:  These, the ones I am speaking of now, |
| 9 | belong to Mr. Ozols, and I am informed it is three phones and |
| 10 | one laptop. |
| 11 | THE COURT:  And they have been searched pursuant to a |
| 12 | consent search warrant? |
| 13 | MR. COFFMAN:  Mr. Ozols -- and this relates to another |
| 14 | question your Honor will ask as well -- he did give a statement |
| 15 | and did also give consent to search his electronic devices when |
| 16 | he was arrested. |
| 17 | THE COURT:  And the statement was Mirandized? |
| 18 | MR. COFFMAN:  It was, your Honor. |
| 19 | THE COURT:  All right.  Aside from that electronic |
| 20 | discovery and the statement, I assume bank records, |
| 21 | surveillance photos, that sort of discovery? |
| 22 | MR. COFFMAN:  Exactly. |
| 23 | THE COURT:  All right. |
| 24 | All right.  And how long do you think it would be |
| 25 | before you were in a position to produce the electronic |

I5odozoc

1   discovery from the phones and laptop?

2          MR. COFFMAN:  So I know that there is a backlog at the

3   FBI at the moment and so I don't want to give an estimate that

4   turns out to be wrong.  Agent Fox tells me that it would be

5   appropriate to ask for three to four weeks.

6          THE COURT:  All right.  So, let me say I'll give you a

7   week from today to produce the discovery in your possession

8   other than the electronic discovery we've discussed.

9   Obviously, if you can do it sooner than that, as soon as

10  tomorrow, that would be even better, but out of an abundance of

11  caution I will give you one week.

12         Now, with respect to the electronic discovery, I will

13  give you four weeks from tomorrow.  So, that would be

14  June 22nd.  And to the extent that you receive anything sooner

15  than that, you should turn it over promptly and on a rolling

16  basis, but hopefully with that deadline in particular you will

17  be able to get it done within four weeks and, if not, you can

18  let me know.

19         Now, Mr. Kirton, at the May 11th proceeding that I

20  mentioned with respect to the other defendant, I gave the

21  defendant a fairly generous deadline for the filing of any

22  motions, in part because of counsel's trial schedule in other

23  cases and in part because I anticipated that Mr. Ozols would

24  appear at some later date and my hope was to put him on the

25  same schedule.  So, I don't know if you are familiar with the

I5odozoc

1    schedule that I set there, but motions would be due by

2    October 19th, opposition to any motions due by November 2nd,

3    and any replies due by November 9th.  Any reason that that

4    schedule would not work for you?

5                MR. KIRTON:  That is fine, your Honor.

6                THE COURT:  Great.  So I'll set those same deadlines

7    here.  And then the next pretrial conference, together with

8    Mr. Jankevics, would be on October 23rd at 3 in the afternoon.

9    As I indicated in the matter -- in the conference with

10   Mr. Jankevics, if there are any motions filed, counsel should

11   be prepared to address them.  I am not saying I wouldn't let

12   the motion proceed to be fully briefed, but obviously if it is

13   something that we could address without the need for briefing,

14   then you should be prepared to do so at that conference.  And

15   if there is a need for a hearing, we would set it at that

16   conference.  And regardless of whether there are motions filed

17   or not, my practice is to set a firm trial date at the second

18   pretrial conference.  So, in advance of the

19   October 23rd conference, you should confer with one another

20   with respect to how long a trial this matter would likely take

21   and when you would want to have it.  Within reason, I am happy

22   to commodate your desires on that front but with the

23   understanding that when I set a trial date, it is a firm date.

24                Time was previously excluded through October 23rd, so

25   I don't think there is any need to do anything on that score

I5odozoc

```
 1   here.  But any objection to that, Mr. Kirton?

 2              MR. KIRTON:  No, your Honor.

 3              THE COURT:  All right.  So out of an abundance of

 4   caution, I will exclude time as to Mr. Ozols as well between

 5   today and October 23, 2018.  I find that the ends of justice

 6   served by excluding that time outweigh the interests of the

 7   public and the defendant in a speedy trial, to allow the

 8   defendant and defense counsel to review the discovery and

 9   consider and prepare any motions that he would want to file.

10              Anything else to discuss, Mr. Coffman?

11              MR. COFFMAN:  No, your Honor.

12              THE COURT:  Mr. Kirton?

13              MR. KIRTON:  No, your Honor.  Thank you.

14              THE COURT:  All right.  In that case, I wish everybody

15   a happy holiday weekend, and I will stay on the bench but the

16   matter is adjourned.  Thank you.

17              MR. COFFMAN:  Thank you, your Honor.

18              (Adjourned)

19

20

21

22

23

24

25
```